McWILLLIAMS, Dissenting Judge:
Russell John was beaten to death by repeated blows from “fists” and “kicks” delivered to his face and head area. As a result of the beating, his facial features were described as being “beyond recognition.”
Arvin Benally and his nephew, Jonathan Benally, were jointly charged in a one-count indictment with the 'first degree murder of Russell, in violation of 18 U.S.C. §§ 1111(a) and 1153. Each was also charged therein with aiding and abetting the other in violation of 18 U.S.C. § 2. Arvin Benally’s motion for a separate trial was granted.
Jonathan Benally was tried first, and a jury convicted him of second degree murder. On appeal, we have this date affirmed his conviction therefor. In so doing, we held, inter alia, that the district court did not err in refusing to instruct the jury on involuntary manslaughter. In thus holding, we observed that there was “no evidence to support a rational jury finding that defendant [Jonathan Benally] was acting in self-defense, even if imperfectly or unlawfully.”
*1241 In a subsequent trial, Arvin Benally was convicted by a jury of voluntary manslaughter. On appeal, the majority of this panel now reverses Arvin Benally’s conviction on the ground that the district court erred in not giving an instruction on self-defense and on involuntary manslaughter. I disagree.
Certainly, the overwhelming evidence, in my view, is that the Benallys, and not Russell, were the aggressors. Be that as it may, accepting Arvin Benally’s testimony at trial that Russell struck the “first blow,” it is abundantly clear to me that, as a matter of law, “excessive force” was thereafter used by the Benallys. I disagree with the statement in the majority opinion that “... if Arvin’s [Benally’s] testimony were credited, the jury could reasonably have believed that the force Arvin used in self-defense was reasonable in the light of the threat presented.” In this general connection, it should be remembered that Arvin Benally, in addition to being charged as a “principal,” was also charged with aiding and abetting his nephew, Jonathan Benally. If he was so aiding and abetting, and certainly the evidence viewed in a light most favorable to the government indicated that he was, then Jonathan Benally’s acts were Arvin’s acts. Further, the fact that Russell was beaten “to a pulp,” so to speak, causing death, suggests to me, and strongly so, that the force used by Arvin and his nephew was, as a matter of law, unreasonable and excessive. See United States v. Scalf, 725 F.2d 1272 (10th Cir.1984), where we approved an instruction to the effect that the force which may be justified when acting in self-defense must be reasonable under the circumstances to save life or avert serious bodily harm.
If an instruction on self-defense was not required, it follows that an instruction on involuntary manslaughter was not required. See United States v. Jonathan Benally, 146 F.3d 1232 (10th Cir.1998), decided this date, and United States v. Hatatley, 130 F.3d 1399 (10th Cir.1997).